Jose L. Linares
Mark M. Makhail
**McCARTER & ENGLISH, LLP**
4 Gateway Center
100 Mulberry St.
Newark, NJ 07102
(973) 622-4444
jlinares@mccarter.com
mmakhail@mccarter.com

*Attorneys for Plaintiffs AbbVie Inc. and Allergan Pharmaceuticals International Limited*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ABBVIE INC. and ALLERGAN PHARMACEUTICALS INTERNATIONAL LIMITED, | ) | |
| *Plaintiffs,* | ) | Civil Action No.: _________________ |
| v. | ) | |
| MICRO LABS LIMITED and MICRO LABS USA, INC., | ) | |
| *Defendants*. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs AbbVie Inc. ("AbbVie") and Allergan Pharmaceuticals International Limited ("Allergan") (collectively, "Plaintiffs"), by its attorneys, bring this action against Defendants Micro Labs Limited and Micro Labs USA, Inc. ("Micro Labs USA") (collectively "Micro Labs"), and allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement of U.S. Patent Nos. 12,090,148 ("the '148 patent"), 12,350,259 ("the '259 patent"), 12,383,545 ("the '545 patent"), and 12,465,598

("the '598 patent") (collectively, "the Patents-in-Suit") arising under the United States Patent Laws, Title 35, United States Code, § 1, *et seq.*, and in particular under 35 U.S.C. § 271, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This action relates to Micro Labs' recent submission to the United States Food and Drug Administration ("FDA") of an Abbreviated New Drug Application ("ANDA") seeking approval to market generic versions of Plaintiffs' commercial pharmaceutical product QULITPA® (atogepant) oral tablets in 10 mg, 30 mg, and 60 mg dosage forms ("QULIPTA® Tablets") submitted under New Drug Application ("NDA") No. 215206, prior to the expiration of patents listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (an FDA publication commonly known as the "Orange Book") for QULIPTA® Tablets. Micro Labs has submitted ANDA No. 220772 ("Micro Labs' ANDA"), which seeks approval to market its generic version of QULIPTA® Tablets, atogepant oral tablets, 10 mg, 30 mg, 60 mg ("Micro Labs' generic products"), prior to the expiration of the Patents-in-Suit.

2. Micro Labs has infringed one or more claims of the Patents-in-Suit under 35 U.S.C. § 271(e)(2)(A) by virtue of its filing of ANDA No. 220772 seeking FDA approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Micro Labs' generic products prior to the expiration of the Patents-in-Suit, or any extensions thereof. Micro Labs will infringe one or more claims of the Patents-in-Suit under 35 U.S.C. § 271(a), (b), and/or (c) should it engage in the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of Micro Labs' generic products prior to the expiration of the Patents-in-Suit, or any extensions thereof.

## THE PARTIES

3. Plaintiff AbbVie is a corporation organized and existing under the laws of Delaware, with its corporate headquarters at 1 North Waukegan Road, North Chicago, Illinois 60064. AbbVie holds NDA No. 215206 for QULIPTA® Tablets.

4. AbbVie is a global research and development-based biopharmaceutical company committed to developing innovative therapies for some of the world's most complex and critical conditions. The company's mission is to use its expertise, dedicated people, and unique approach to innovation to markedly improve treatments across therapeutic areas, including migraine treatment.

5. AbbVie markets, distributes, and sells therapeutic drug products, including QULIPTA® Tablets, in this judicial district and throughout the United States.

6. Plaintiff Allergan is a corporation organized and existing under the laws of Ireland, with a principal place of business at Clonshaugh Business & Technical Park, Dublin 17, Ireland D17 E400. Allergan is the assignee of the '148, '259, '545, and '598 patents. Allergan is an indirectly wholly owned subsidiary of AbbVie.

7. Plaintiffs allege the following about Micro Labs on information and belief formed after a reasonable inquiry.

8. Micro Labs USA, Inc. is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business at 220 Davidson Avenue, Suite 402, Somerset, NJ 08873. Micro Labs USA, Inc. is a wholly owned subsidiary of Micro Labs Limited.

9. Micro Labs Limited is a corporation organized and existing under the laws of India, having a principal place of business at 31, Race Course Road, Bangalore, 560001, India.

10. Micro Labs is in the business of, *inter alia*, manufacturing, marketing, and selling generic copies of branded pharmaceutical products throughout the United States, including in this judicial district.

11. Following any FDA approval of Micro Labs' ANDA, Micro Labs will distribute and sell the proposed Micro Labs generic products described in Micro Labs' ANDA throughout the United States, including in this judicial district.

**JURISDICTION AND VENUE**

12. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. § 271, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

13. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

14. This Court has personal jurisdiction over Defendant Micro Labs USA. Micro Labs USA is in the business of manufacturing, marketing, importing, and selling pharmaceutical drug products, including generic drug products. Micro Labs USA directly, or indirectly, develops, manufactures, markets, and sells generic drugs throughout the United States and in this judicial district. Micro Labs USA has purposefully conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Micro Labs' generic products upon approval of Micro Labs' ANDA.

15. This Court has personal jurisdiction over Defendant Micro Labs Limited. Micro Labs Limited is in the business of manufacturing, marketing, importing, and selling pharmaceutical drug products, including generic drug products. Micro Labs Limited directly, or indirectly, develops, manufactures, markets, and sells generic drugs throughout the United States and in this judicial district. Micro Labs Limited has purposefully conducted and continues to

conduct business in this judicial district, and this judicial district is a likely destination of Micro Labs' generic products upon approval of Micro Labs' ANDA.

16. Micro Labs Limited is the holder of FDA Drug Master File No. 41857 for atogepant.

17. Micro Labs USA is a United States agent for Micro Labs Limited. Micro Labs USA claims that it is "a wholly owned subsidiary of Micro Labs Limited" and "the US headquarter [that] is marketing… generic medicines." *Micro Labs USA, About Us*, https://www.microlabsusa.com/about-us/ (last visited Jan. 11, 2026). Micro Labs further claims that "Micro Labs Limited [is] the parent company of Micro Labs USA, Inc." *Id.* Micro Labs USA is registered with the State of New Jersey's Division of Revenue and Enterprise under Entity ID No. 0400404035. Micro Labs USA is registered as a drug distributor with the New Jersey Department of Health under Permit No. 5004479.

18. Micro Labs USA and Micro Labs Limited hold themselves out as a unitary entity and operate as a single integrated business with respect to the regulatory approval, manufacturing, marketing, sale, and distribution of generic pharmaceutical products throughout the United States, including in this judicial district.

19. Micro Labs USA and Micro Labs Limited each directly or indirectly currently sells significant quantities of generic drug products and derives substantial revenue from the sale of those products in the United States and in this judicial district. Micro Labs claims that "Micro Labs now operates as one of the leading affordable healthcare providers in India and beyond." https://www.microlabsltd.com/ (last visited Jan. 11, 2026). Micro Labs claims that it "has a presence in over 50 countries with ground-level operations in 25 countries, with several products in most of the therapeutic segments," *id.* (last visited Jan. 11, 2026), and that "Micro Labs has

already established a strong presence in the USA." *Micro Labs Limited, Global Presence*, https://www.microlabsltd.com/global-presence (last visited Jan. 11, 2026). Micro Labs further states that "Micro Labs USA, Inc. is a wholly owned subsidiary of Micro Labs Limited, India, which is among the top twenty pharmaceutical companies in India," and that its "products are manufactured in three state-of-the-art USFDA approved facilities." *Micro Labs USA, About Us*, https://www.microlabsusa.com/about-us/ (last visited Jan. 11, 2026).

20. Micro Labs is engaged in the submission and approval of ANDAs for the United States market. Micro Labs claims that "Micro Labs USA, Inc. currently has more than 40 FDA approved generic products and has filed more than twenty-five ANDA's that are with the FDA at various stages of review. Micro Labs is planning to file ten to fifteen ANDA's annually." *Micro Labs USA, About Us*, https://www.microlabsusa.com/about-us/ (last visited Jan. 11, 2026).

21. The acts of Micro Labs USA complained of herein were done with the cooperation, participation, and assistance of Micro Labs Limited.

22. Micro Labs' ANDA filing regarding the Patents-in-Suit relates to this litigation and is substantially connected with this judicial district because it predicts Micro Labs' intent to market and sell Micro Labs' generic products, including Micro Labs' generic versions of Plaintiffs' QULIPTA® Tablets, in this judicial district.

23. Micro Labs USA and Micro Labs Limited have thus been, and continue to be, joint and prime actors in the drafting, submission, approval and maintenance of ANDA No. 220772.

24. Following FDA approval of ANDA No. 220772, Micro Labs will import, market, distribute, offer for sale, and/or sell Micro Labs' generic products described in ANDA No. 220772 throughout the United States, including in New Jersey and will derive substantial revenue from the use, consumption, or sale of Micro Labs' generic products in the state of New Jersey.

25. If ANDA No. 220772 is approved, Micro Labs' generic products will be marketed, distributed, offered for sale, and/or sold in New Jersey; prescribed by healthcare providers practicing in New Jersey; administered by healthcare providers located within New Jersey; and/or used by patients in New Jersey, all of which will have a substantial effect on New Jersey.

26. If ANDA No. 220772 is approved, Plaintiffs will be harmed by the marketing, distribution, offer for sale, and/or sale of Micro Labs' generic products, including in New Jersey.

27. This Court also has personal jurisdiction over Micro Labs because, inter alia, it has availed itself of this forum previously for the purpose of litigating a patent dispute. Micro Labs has been sued multiple times in this district without challenging personal jurisdiction. *See, e.g.*, *Esperion Therapeutics, Inc. v. Micro Labs USA, Inc. et al*, No. 2:24-cv-05921 (D.N.J. July 12, 2024); *Aerie Pharmaceuticals, Inc. et al v. Micro Labs Ltd. et al*, No. 3:22-cv-01365 (D.N.J. May 13, 2022); *Allergan Sales, LLC f/k/a Forest Laboratories, LLC et al v. Micro Labs Ltd.*, No. 2:19-cv-09759 (D.N.J. June 3, 2019); *AstraZeneca AB et al v. Micro Labs Limited et al*, No. 3:15-cv-03376 (D.N.J. July 20 2015).

28. For these reasons and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over Micro Labs.

29. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because Micro Labs USA has a principal place of business in New Jersey, and for all the reasons set forth above.

30. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because Micro Labs Limited is incorporated in India and may be sued in any judicial district in the United States, and for all the reasons set forth above.

## FACTUAL BACKGROUND

### QULIPTA® and the NDA

31. AbbVie is the holder of New Drug Application ("NDA") No. 215206 for QULIPTA® (atogepant) tablets in 10 mg, 30 mg, and 60 mg dosage forms.

32. The FDA approved NDA No. 215206 on September 28, 2021.

33. The FDA Orange Book for NDA No. 215206 for QULIPTA® (atogepant) oral tablets, 10 mg, 30 mg, 60 mg, lists the '148 patent, the '259 patent, the '545 patent, and the '598 patent, as well as U.S. Patent Nos. 8,754,096 ("the '096 patent"), 9,499,545 ("the '9545 patent"), 9,850,246 ("the '246 patent"), and 10,117,836 ("the '836 patent").

34. QULIPTA® Tablets are approved for the preventive treatment of migraine in adults. Atogepant is the active ingredient of QULIPTA® Tablets. Atogepant is a calcitonin gene-related (CGRP) receptor antagonist.

35. Migraine is a debilitating disease. Migraine impacts more than 37 million men, women, and children in the United States. Migraine costs millions of dollars each year in the United States due to direct medical expenses and lost productivity. Migraine is also associated with other illnesses.

36. For episodic migraine, the recommended dose of QULIPTA® Tablets is 10 mg, 30 mg, or 60 mg taken orally with or without food, once daily. For chronic migraine, the recommended dose of QULIPTA® Tablets is 60 mg taken orally with or without food, once daily. For patients who concomitantly use strong CYP3A4 inhibitors, the recommended dose is 10 mg once daily. The FDA approved the inclusion of this safe and effective dosing regimen for QULIPTA® for patients who concomitantly use strong CYP3A4 inhibitors, and information concerning these patients is included in the QULIPTA® Label. For patients with severe renal

impairment or end-stage renal disease, the recommended dose is 10 mg once daily to prevent episodic migraine. The FDA approved the inclusion of this safe and effective dosing regimen for QULIPTA® for patients with severe renal impairment or end-stage renal disease, and information concerning these patients is included in the QULIPTA® Label.

37. The QULIPTA® Label includes information regarding "Liver Enzyme Elevations." Specifically, the QULIPTA® Label reports that in three clinical trials, Study 1, Study 2, and Study 3, "the rate of transaminase elevations over 3 times the upper limit of normal was similar between patients treated with QULIPTA (0.9%) and those treated with placebo (1.2%)." The QULIPTA® Label also includes information regarding "Decreases in Body Weight." In Study 1, Study 2, and Study 3, "the proportion of patients with a weight decrease of at least 7% at any point was 2.5% for placebo, 3.8% for QULIPTA 10 mg, 3.2% for QULIPTA 30 mg, and 5.3% for QULIPTA 60 mg."

38. To date, only two orally available CGRP receptor antagonists have been approved by FDA for preventive treatment of migraine. The prescribing information for the other, NURTEC® ODT, states that use of the drug should be avoided in patients who concomitantly use strong CYP3A inhibitors. It also states that use of the drug should be avoided in patients with end-stage renal disease. Thus, QULIPTA® Tablets are the only orally available CGRP receptor antagonist in the United States indicated for preventive treatment of migraine in patients who concomitantly use strong CYP3A inhibitors or with end-stage renal disease. The NURTEC® ODT Label is silent on transaminase elevations and a weight decrease upon treatment with NURTEC® ODT.

39. QULIPTA® Tablets are marketed and sold in the United States by AbbVie.

**The Patents-in-Suit**

40. The ’148 patent, titled “Treatment of Migraine,” was duly and legally issued by the United States Patent and Trademark Office (“USPTO”) on September 17, 2024. A true and correct copy of the ’148 patent is attached as Exhibit A.

41. Allergan is the assignee of the ’148 patent through assignment as recorded by the USPTO at Reel 62450, Frame 0822.

42. The ’148 patent currently expires on July 29, 2041.

43. The ’148 patent is listed in the FDA Orange Book in connection with NDA No. 215206 for QULIPTA® (atogepant) oral tablets, 10 mg, 30 mg, and 60 mg.

44. The ’259 patent, titled “Methods of Treating of Migraine,” was duly and legally issued by the USPTO on July 8, 2025. A true and correct copy of the ’259 patent is attached as Exhibit B.

45. Allergan is the assignee of the ’259 patent through assignment as recorded by the USPTO at Reel 66665, Frame 0592.

46. The ’259 patent currently expires on May 11, 2043.

47. The ’259 patent is listed in the FDA Orange Book in connection with NDA No. 215206 for QULIPTA® (atogepant) oral tablet, 10 mg.

48. The ’545 patent, titled “Treatment of Migraine,” was duly and legally issued by the United States Patent and Trademark Office on August 12, 2025. A true and correct copy of the ’545 patent is attached as Exhibit C.

49. Allergan is the assignee of the ’545 patent through assignment as recorded by the USPTO at Reel 71617, Frame 0585; and Reel 71552, Frame 0563.

50. The ’545 patent currently expires on June 6, 2039.

51. The ’545 patent is listed in the FDA Orange Book in connection with NDA No. 215206 for QULIPTA® (atogepant) oral tablets, 10 mg, 30 mg, and 60 mg.

52. The ’598 patent, titled “Methods of Treating Migraine,” was duly and legally issued by the United States Patent and Trademark Office on November 11, 2025. A true and correct copy of the ’598 patent is attached as Exhibit D.

53. Allergan is the assignee of the ’598 patent through assignment as recorded by the USPTO at Reel 70393, Frame 0388.

54. The ’598 patent currently expires on September 27, 2042.

55. The ’598 patent is listed in the FDA Orange Book in connection with NDA No. 215206 for QULIPTA® (atogepant) oral tablets, 10 mg.

**Micro Labs’ ANDA No. 220772**

56. Micro Labs filed ANDA No. 220772 with the FDA under 21 U.S.C. § 355(j) to obtain FDA approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of atogepant oral tablets, 10 mg, 30 mg, 60 mg, which are generic versions of AbbVie’s QULIPTA® Tablets.

57. AbbVie received a letter sent by counsel for Micro Labs (“Micro Labs’ Notice Letter”), dated December 4, 2025, purporting to be a notice letter “[p]ursuant to subsection 505(j)(2)(B) of the Federal Food, Drug and Cosmetic Act.”

58. Micro Labs’ Notice Letter represents that Micro Labs’ ANDA No. 220772 contains a Paragraph IV certification alleging that the claims of the ’148, ’259, and ’545 patents are invalid, unenforceable, and/or will not be infringed by Micro Labs’ generic products.

59. Micro Labs' Notice Letter and the information contained therein, coupled with regulatory requirements, demonstrate Micro Labs' infringement of the '148, '259, and '545 patents.

60. AbbVie received a second letter sent by counsel for Micro Labs ("Micro Labs' Second Notice Letter"), dated January 5, 2026, purporting to be a notice letter "[p]ursuant to subsection 505(j)(2)(B) of the Federal Food, Drug and Cosmetic Act."

61. Micro Labs' Second Notice Letter represents that Micro Labs' ANDA No. 220772 contains a Paragraph IV certification alleging that the claims of the '598 patent are invalid, unenforceable, and/or will not be infringed by Micro Labs' generic products

62. Micro Labs' Notice Letter and the information contained therein, coupled with regulatory requirements, demonstrate Micro Labs' infringement of the '598 patent.

63. Plaintiffs have not yet received a Notice of Paragraph IV Certification regarding Micro Labs' ANDA No. 220772 for the '096, '9545, or '246 patents under Section 505(j)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act and 21 C.F.R. § 314.95. Further, Micro Labs' Notice Letter does not state or otherwise indicate that Micro Labs submitted a Paragraph IV certification for the '096, '9545, or '246 patents, each of which is listed in the FDA Orange Book for QULIPTA® (atogepant) oral tablets, 10 mg, 30 mg, 60 mg. Accordingly, Micro Labs submitted a Paragraph III certification for the '096, '9545, and '246 patents. In addition, Micro Labs also submitted a Paragraph III certification for the '836 patent. Micro Labs will thus not launch a generic product under ANDA No. 220772 at least before September 28, 2035.

64. Micro Labs' purpose in submitting ANDA No. 220772 and a Paragraph IV certification is to market Micro Labs' generic products before the expiration of the '148, '259,

’545, and ’598 patents. Micro Labs intends to market Micro Labs’ generic products before the expiration of the ’148, ’259, ’545, and ’598 patents.

65. To obtain approval of an ANDA for a generic drug, an ANDA applicant must show, *inter alia*, that the generic drug is bioequivalent to its reference listed drug. *See* 21 U.S.C. § 355(j)(2)(A)(iv). If approved, Micro Labs’ generic products will be bioequivalent to AbbVie’s QULIPTA® Tablets.

66. To obtain approval of an ANDA for a generic drug, an ANDA applicant must also show, *inter alia*, that the conditions of use prescribed, recommended, or suggested in the proposed labeling have been previously approved for its reference listed drug. *See* 21 U.S.C. § 355(j)(2)(A)(i). Further, the FDA will refuse to approve an ANDA if the labeling proposed for a generic drug product differs from the labeling approved for its reference listed drug product and such differences make the proposed generic drug product less safe or effective. *See* 21 C.F.R. § 314.127(a)(7). If approved, Micro Labs’ generic products will have the same indication and safety and efficacy information as AbbVie’s QULIPTA® Tablets.

67. Micro Labs’ Notice Letter purported to offer confidential access to Micro Labs’ ANDA No. 220772 on terms and conditions set forth in Micro Labs’ Notice Letter (“Micro Labs’ Offer of Confidential Access”). Outside counsel for AbbVie and Allergan negotiated in good faith with counsel for Micro Labs in an attempt to reach agreement on reasonable terms of confidential access to Micro Labs’ ANDA No. 220772. To date, AbbVie and Allergan have not received access to Micro Labs’ ANDA No. 220772.

68. Following FDA approval of Micro Labs’ ANDA No. 220772, Micro Labs will make, use, sell, and/or offer to sell Micro Labs’ generic products throughout the United States, or import such generic products into the United States before the Patents-in-Suit expire. The

manufacture, use, offer for sale, sale, and/or importation of Micro Labs' generic products will directly infringe the Patents-in-Suit.

69. Following FDA approval of Micro Labs' ANDA No. 220772, Micro Labs will actively induce or contribute to the manufacture, use, offer for sale, and/or sale of Micro Labs' generic products in a manner that infringes the Patents-in-Suit.

70. Plaintiffs commenced this action within 45 days of receiving Micro Labs' Notice Letters.

**COUNT I**
**<u>INFRINGEMENT BY MICRO LABS OF THE '148 PATENT</u>**

71. Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

72. Micro Labs filed its ANDA in order to obtain approval to manufacture, use, import, offer to sell, and/or sell Micro Labs' generic products in the United States before the expiration of the '148 patent.

73. Micro Labs' Notice Letter states that Micro Labs submitted to the FDA, a certification that the claims of the '148 patent are purportedly invalid, unenforceable, and/or will not be infringed.

74. Micro Labs represented to the FDA that Micro Labs' generic products are pharmaceutically and therapeutically equivalent to AbbVie's QULIPTA® Tablets.

75. Under 35 U.S.C. § 271(e)(2)(A), the submission to the FDA of Micro Labs' ANDA seeking approval for the commercial manufacture, use, or sale of Micro Labs' generic products before the expiration date of the '148 patent, constitutes infringement, either literally or under the doctrine of equivalents.

76. After FDA approval of Micro Labs' ANDA, Micro Labs will infringe one or more claims of the '148 patent, either literally or under the doctrine of equivalents under § 271(a) by making, using, offering to sell, selling, and/or importing Micro Labs' generic products, by actively inducing infringement by others under § 271(b), and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of Micro Labs' ANDA shall be no earlier than the expiration of the '148 patent and any additional periods of exclusivity.

77. Micro Labs knows or should know, and intends that healthcare providers will prescribe and patients will take Micro Labs' generic products for which approval is sought in Micro Labs' ANDA, and therefore will infringe at least one claim in the '148 patent.

78. Micro Labs had knowledge of the '148 patent, as evidenced by Micro Labs' Notice Letter, and, by its promotional activities and proposed package insert for Micro Labs' generic products, knows or should know that it will induce direct infringement of at least one of the claims of the '148 patent, either literally or under the doctrine of equivalents.

79. Micro Labs is aware and/or has knowledge that it will advertise an infringing use and/or instruct how to engage in an infringing use because healthcare professionals and/or patients will use Micro Labs' generic products according to the instructions in the proposed package insert in a way that directly infringes the '148 patent.

80. The offering to sell, sale, making, and/or importation of Micro Labs' generic products will actively induce infringement of at least one of the claims of the '148 patent, either literally or under the doctrine of equivalents. Micro Labs has knowledge and is aware of the '148 patent, as evidenced by Micro Labs' Notice Letter.

81. If Micro Labs' ANDA is approved, Micro Labs intends to and will offer to sell, sell, and/or import in the United States Micro Labs' generic products.

82. Micro Labs' actions relating to Micro Labs' ANDA complained of herein were done by and for the benefit of Micro Labs.

83. Plaintiffs will be irreparably harmed if Micro Labs is not enjoined from infringing, actively inducing, and contributing to infringement of at least one claim of the '148 patent.

84. Plaintiffs do not have an adequate remedy at law.

**COUNT II**
**DECLARATORY JUDGMENT OF**
**INFRINGEMENT BY MICRO LABS OF THE '148 PATENT**

85. Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

86. Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

87. Micro Labs filed its ANDA in order to obtain approval to manufacture, use, import, offer to sell, and/or sell Micro Labs' generic products in the United States before the expiration of the '148 patent.

88. Micro Labs represented to the FDA that Micro Labs' generic products are pharmaceutically and therapeutically equivalent to AbbVie's QULIPTA® Tablets.

89. After FDA approval of Micro Labs' ANDA, Micro Labs will infringe one or more claims of the '148 patent, either literally or under the doctrine of equivalents under § 271(a) by making, using, offering to sell, selling, and/or importing Micro Labs' generic products, by actively inducing infringement by others under § 271(b), and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of Micro Labs'

ANDA shall be no earlier than the expiration of the ’148 patent and any additional periods of exclusivity.

90. Micro Labs knows or should know, and intends that healthcare providers will prescribe and patients will take Micro Labs’ generic products for which approval is sought in Micro Labs’ ANDA, and therefore will infringe at least one claim in the ’148 patent.

91. Micro Labs had knowledge of the ’148 patent, as evidenced by Micro Labs’ Notice Letter, and, by its promotional activities and proposed package insert for Micro Labs’ generic products, knows or should know that it will induce direct infringement of at least one of the claims of the ’148 patent, either literally or under the doctrine of equivalents.

92. Micro Labs is aware and/or has knowledge that it will advertise an infringing use and/or instruct how to engage in an infringing use because healthcare professionals and/or patients will use Micro Labs’ generic products according to the instructions in the proposed package insert in a way that directly infringes the ’148 patent.

93. The offering to sell, sale, making, and/or importation of Micro Labs’ generic products would actively induce infringement of at least one of the claims of the ’148 patent, either literally or under the doctrine of equivalents. Micro Labs has knowledge and is aware of the ’148 patent, as evidenced by Micro Labs’ Notice Letter.

94. If Micro Labs’ ANDA is approved, Micro Labs intends to and will offer to sell, sell, and/or import in the United States Micro Labs’ generic products.

95. Micro Labs’ actions relating to Micro Labs’ ANDA complained of herein were done by and for the benefit of Micro Labs.

96. Micro Labs’ infringing activity, including the manufacture, use, import, offer to sell, and/or sale of Micro Labs’ generic products in the United States, will begin immediately after

FDA approves Micro Labs' generic products. Such activity before the expiration of the '148 patent will constitute infringement of one or more claims of the '148 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

97. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Micro Labs concerning liability for the infringement of the '148 patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

98. Plaintiffs will be irreparably harmed if Micro Labs is not enjoined from infringing, actively inducing, and contributing to infringement of at least one claim of the '148 patent.

99. Plaintiffs do not have an adequate remedy at law.

**COUNT III**
**INFRINGEMENT BY MICRO LABS OF THE '259 PATENT**

100. Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

101. Micro Labs filed its ANDA in order to obtain approval to manufacture, use, import, offer to sell, and/or sell Micro Labs' generic products in the United States before the expiration of the '259 patent.

102. Micro Labs represented to the FDA that Micro Labs' generic products are pharmaceutically and therapeutically equivalent to AbbVie's QULIPTA® Tablets.

103. Under 35 U.S.C. § 271(e)(2)(A), the submission to the FDA of Micro Labs' ANDA seeking approval for the commercial manufacture, use, or sale of Micro Labs' generic products before the expiration date of the '259 patent, constitutes infringement, either literally or under the doctrine of equivalents.

104. After FDA approval of Micro Labs' ANDA, Micro Labs will infringe one or more claims of the '259 patent, either literally or under the doctrine of equivalents under § 271(a) by making, using, offering to sell, selling, and/or importing Micro Labs' generic products, by actively inducing infringement by others under § 271(b), and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of Micro Labs' ANDA shall be no earlier than the expiration of the '259 patent and any additional periods of exclusivity.

105. Micro Labs knows or should know, and intends that healthcare providers will prescribe and patients will take Micro Labs' generic products for which approval is sought in Micro Labs' ANDA, and therefore will infringe at least one claim in the '259 patent.

106. Micro Labs had knowledge of the '259 patent and, by its promotional activities and proposed package insert for Micro Labs' generic products, knows or should know that it will induce direct infringement of at least one of the claims of the '259 patent, either literally or under the doctrine of equivalents.

107. Micro Labs is aware and/or has knowledge that it will advertise an infringing use and/or instruct how to engage in an infringing use because healthcare professionals and/or patients will use Micro Labs' generic products according to the instructions in the proposed package insert in a way that directly infringes the '259 patent.

108. The offering to sell, sale, making, and/or importation of Micro Labs' generic products will actively induce infringement of at least one of the claims of the '259 patent, either literally or under the doctrine of equivalents. Micro Labs has knowledge and is aware of the '259 patent.

109. If Micro Labs' ANDA is approved, Micro Labs intends to and will offer to sell, sell, and/or import in the United States Micro Labs' generic products.

110. Micro Labs' actions relating to Micro Labs' ANDA complained of herein were done by and for the benefit of Micro Labs.

111. Plaintiffs will be irreparably harmed if Micro Labs is not enjoined from infringing, actively inducing, and contributing to infringement of at least one claim of the '259 patent.

112. Plaintiffs do not have an adequate remedy at law.

**COUNT IV**
**DECLARATORY JUDGMENT OF INFRINGEMENT BY MICRO LABS OF THE '259 PATENT**

113. Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

114. Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

115. Micro Labs filed its ANDA in order to obtain approval to manufacture, use, import, offer to sell, and/or sell Micro Labs' generic products in the United States before the expiration of the '259 patent.

116. Micro Labs represented to the FDA that Micro Labs' generic products are pharmaceutically and therapeutically equivalent to AbbVie's QULIPTA® Tablets.

117. After FDA approval of Micro Labs' ANDA, Micro Labs will infringe one or more claims of the '259 patent, either literally or under the doctrine of equivalents under § 271(a) by making, using, offering to sell, selling, and/or importing Micro Labs' generic products, by actively inducing infringement by others under § 271(b), and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of Micro Labs'

ANDA shall be no earlier than the expiration of the ’259 patent and any additional periods of exclusivity.

118. Micro Labs knows or should know, and intends that healthcare providers will prescribe and patients will take Micro Labs’ generic products for which approval is sought in Micro Labs’ ANDA, and therefore will infringe at least one claim in the ’259 patent.

119. Micro Labs had knowledge of the ’259 patent and, by its promotional activities and proposed package insert for Micro Labs’ generic products, knows or should know that it will induce direct infringement of at least one of the claims of the ’259 patent, either literally or under the doctrine of equivalents.

120. Micro Labs is aware and/or has knowledge that it will advertise an infringing use and/or instruct how to engage in an infringing use because healthcare professionals and/or patients will use Micro Labs’ generic products according to the instructions in the proposed package insert in a way that directly infringes the ’259 patent.

121. The offering to sell, sale, making, and/or importation of Micro Labs’ generic products would actively induce infringement of at least one of the claims of the ’259 patent, either literally or under the doctrine of equivalents. Micro Labs has knowledge and is aware of the ’259 patent.

122. If Micro Labs’ ANDA is approved, Micro Labs intends to and will offer to sell, sell, and/or import in the United States Micro Labs’ generic products.

123. Micro Labs’ actions relating to Micro Labs’ ANDA complained of herein were done by and for the benefit of Micro Labs.

124. Micro Labs’ infringing activity, including the manufacture, use, import, offer to sell, and/or sale of Micro Labs’ generic products in the United States, will begin immediately after

FDA approves Micro Labs' generic products. Such activity before the expiration of the '259 patent will constitute infringement of one or more claims of the '259 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

125. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Micro Labs concerning liability for the infringement of the '259 patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

126. Plaintiffs will be irreparably harmed if Micro Labs is not enjoined from infringing, actively inducing, and contributing to infringement of at least one claim of the '259 patent.

127. Plaintiffs do not have an adequate remedy at law.

**COUNT V**
**INFRINGEMENT BY MICRO LABS OF THE '545 PATENT**

128. Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

129. Micro Labs filed its ANDA in order to obtain approval to manufacture, use, import, offer to sell, and/or sell Micro Labs' generic products in the United States before the expiration of the '545 patent.

130. Micro Labs represented to the FDA that Micro Labs' generic products are pharmaceutically and therapeutically equivalent to AbbVie's QULIPTA® Tablets.

131. Under 35 U.S.C. § 271(e)(2)(A), the submission to the FDA of Micro Labs' ANDA seeking approval for the commercial manufacture, use, or sale of Micro Labs' generic products before the expiration date of the '545 patent, constitutes infringement, either literally or under the doctrine of equivalents.

132. After FDA approval of Micro Labs' ANDA, Micro Labs will infringe one or more claims of the '545 patent, either literally or under the doctrine of equivalents under § 271(a) by making, using, offering to sell, selling, and/or importing Micro Labs' generic products, by actively inducing infringement by others under § 271(b), and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of Micro Labs' ANDA shall be no earlier than the expiration of the '545 patent and any additional periods of exclusivity.

133. Micro Labs knows or should know, and intends that healthcare providers will prescribe and patients will take Micro Labs' generic products for which approval is sought in Micro Labs' ANDA, and therefore will infringe at least one claim in the '545 patent.

134. Micro Labs had knowledge of the '545 patent and, by its promotional activities and proposed package insert for Micro Labs' generic products, knows or should know that it will induce direct infringement of at least one of the claims of the '545 patent, either literally or under the doctrine of equivalents.

135. Micro Labs is aware and/or has knowledge that it will advertise an infringing use and/or instruct how to engage in an infringing use because healthcare professionals and/or patients will use Micro Labs' generic products according to the instructions in the proposed package insert in a way that directly infringes the '545 patent.

136. The offering to sell, sale, making, and/or importation of Micro Labs' generic products would actively induce infringement of at least one of the claims of the '545 patent, either literally or under the doctrine of equivalents. Micro Labs has knowledge and is aware of the '545 patent.

137. If Micro Labs' ANDA is approved, Micro Labs intends to and will offer to sell, sell, and/or import in the United States Micro Labs' generic products.

138. Micro Labs' actions relating to Micro Labs' ANDA complained of herein were done by and for the benefit of Micro Labs.

139. Plaintiffs will be irreparably harmed if Micro Labs is not enjoined from infringing, actively inducing, and contributing to infringement of at least one claim of the '545 patent.

140. Plaintiffs do not have an adequate remedy at law.

**COUNT VI**
**DECLARATORY JUDGMENT OF**
**INFRINGEMENT BY MICRO LABS OF THE '545 PATENT**

141. Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

142. Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

143. Micro Labs filed its ANDA in order to obtain approval to manufacture, use, import, offer to sell, and/or sell Micro Labs' generic products in the United States before the expiration of the '545 patent.

144. Micro Labs represented to the FDA that Micro Labs' generic products are pharmaceutically and therapeutically equivalent to AbbVie's QULIPTA® Tablets.

145. After FDA approval of Micro Labs' ANDA, Micro Labs will infringe one or more claims of the '545 patent, either literally or under the doctrine of equivalents under § 271(a) by making, using, offering to sell, selling, and/or importing Micro Labs' generic products, by actively inducing infringement by others under § 271(b), and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of Micro Labs'

ANDA shall be no earlier than the expiration of the ’545 patent and any additional periods of exclusivity.

146. Micro Labs knows or should know, and intends that healthcare providers will prescribe and patients will take Micro Labs’ generic products for which approval is sought in Micro Labs’ ANDA, and therefore will infringe at least one claim in the ’545 patent.

147. Micro Labs had knowledge of the ’545 patent and, by its promotional activities and proposed package insert for Micro Labs’ generic products, knows or should know that it will induce direct infringement of at least one of the claims of the ’545 patent, either literally or under the doctrine of equivalents.

148. Micro Labs is aware and/or has knowledge that it is advertising an infringing use and/or instructing how to engage in an infringing use because healthcare professionals and/or patients will use Micro Labs’ generic products according to the instructions in the proposed package insert in a way that directly infringes the ’545 patent.

149. The offering to sell, sale, making, and/or importation of Micro Labs’ generic products would actively induce infringement of at least one of the claims of the ’545 patent, either literally or under the doctrine of equivalents. Micro Labs has knowledge and is aware of the ’545 patent.

150. If Micro Labs’ ANDA is approved, Micro Labs intends to and will offer to sell, sell, and/or import in the United States Micro Labs’ generic products.

151. Micro Labs’ actions relating to Micro Labs’ ANDA complained of herein were done by and for the benefit of Micro Labs.

152. Micro Labs’ infringing activity, including the manufacture, use, import, offer to sell, and/or sale of Micro Labs’ generic products in the United States, will begin immediately after

FDA approves Micro Labs' generic products. Such activity before the expiration of the '545 patent will constitute infringement of one or more claims of the '545 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

153. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Micro Labs concerning liability for the infringement of the '545 patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

154. Plaintiffs will be irreparably harmed if Micro Labs is not enjoined from infringing, actively inducing, and contributing to infringement of at least one claim of the '545 patent.

155. Plaintiffs do not have an adequate remedy at law.

**COUNT VII**
**INFRINGEMENT BY MICRO LABS OF THE '598 PATENT**

156. Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

157. This Complaint provides notice of the '598 patent to the extent that Micro Labs did not already have notice of this patent.

158. Micro Labs filed its ANDA in order to obtain approval to manufacture, use, import, offer to sell, and/or sell Micro Labs' generic products in the United States before the expiration of the '598 patent.

159. Micro Labs represented to the FDA that Micro Labs' generic products are pharmaceutically and therapeutically equivalent to AbbVie's QULIPTA® Tablets.

160. Under 35 U.S.C. § 271(e)(2)(A), the submission to the FDA of Micro Labs' ANDA seeking approval for the commercial manufacture, use, or sale of Micro Labs' generic products

before the expiration date of the ’598 patent, constitutes infringement, either literally or under the doctrine of equivalents.

161. After FDA approval of Micro Labs’ ANDA, Micro Labs will infringe one or more claims of the ’598 patent, either literally or under the doctrine of equivalents under § 271(a) by making, using, offering to sell, selling, and/or importing Micro Labs’ generic products, by actively inducing infringement by others under § 271(b), and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of Micro Labs’ ANDA shall be no earlier than the expiration of the ’598 patent and any additional periods of exclusivity.

162. Micro Labs knows or should know, and intends that healthcare providers will prescribe and patients will take Micro Labs’ generic products for which approval is sought in Micro Labs’ ANDA, and therefore will infringe at least one claim in the ’598 patent.

163. Micro Labs had knowledge of the ’598 patent and, by its promotional activities and proposed package insert for Micro Labs’ generic products, knows or should know that it will induce direct infringement of at least one of the claims of the ’598 patent, either literally or under the doctrine of equivalents.

164. Micro Labs is aware and/or has knowledge that it will advertise an infringing use and/or instruct how to engage in an infringing use because healthcare professionals and/or patients will use Micro Labs’ generic products according to the instructions in the proposed package insert in a way that directly infringes the ’598 patent.

165. The offering to sell, sale, making, and/or importation of Micro Labs’ generic products would actively induce infringement of at least one of the claims of the ’598 patent, either

literally or under the doctrine of equivalents. Micro Labs has knowledge and is aware of the ’598 patent.

166. If Micro Labs’ ANDA is approved, Micro Labs intends to and will offer to sell, sell, and/or import in the United States Micro Labs’ generic products.

167. Micro Labs’ actions relating to Micro Labs’ ANDA complained of herein were done by and for the benefit of Micro Labs.

168. Plaintiffs will be irreparably harmed if Micro Labs is not enjoined from infringing, actively inducing, and contributing to infringement of at least one claim of the ’598 patent.

169. Plaintiffs do not have an adequate remedy at law.

**COUNT VIII**
**DECLARATORY JUDGMENT OF**
**INFRINGEMENT BY MICRO LABS OF THE ’598 PATENT**

170. Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

171. Plaintiffs’ claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

172. This Complaint provides notice of the ’598 patent to the extent that Micro Labs did not already have notice of this patent.

173. Micro Labs filed its ANDA in order to obtain approval to manufacture, use, import, offer to sell, and/or sell Micro Labs’ generic products in the United States before the expiration of the ’598 patent.

174. Micro Labs represented to the FDA that Micro Labs’ generic products are pharmaceutically and therapeutically equivalent to AbbVie’s QULIPTA® Tablets.

175. After FDA approval of Micro Labs' ANDA, Micro Labs will infringe one or more claims of the '598 patent, either literally or under the doctrine of equivalents under § 271(a) by making, using, offering to sell, selling, and/or importing Micro Labs' generic products, by actively inducing infringement by others under § 271(b), and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of Micro Labs' ANDA shall be no earlier than the expiration of the '598 patent and any additional periods of exclusivity.

176. Micro Labs knows or should know, and intends that healthcare providers will prescribe and patients will take Micro Labs' generic products for which approval is sought in Micro Labs' ANDA, and therefore will infringe at least one claim in the '598 patent.

177. Micro Labs had knowledge of the '598 patent and, by its promotional activities and proposed package insert for Micro Labs' generic products, knows or should know that it will induce direct infringement of at least one of the claims of the '598 patent, either literally or under the doctrine of equivalents.

178. Micro Labs is aware and/or has knowledge that it is advertising an infringing use and/or instructing how to engage in an infringing use because healthcare professionals and/or patients will use Micro Labs' generic products according to the instructions in the proposed package insert in a way that directly infringes the '598 patent.

179. The offering to sell, sale, making, and/or importation of Micro Labs' generic products would actively induce infringement of at least one of the claims of the '545 patent, either literally or under the doctrine of equivalents. Micro Labs has knowledge and is aware of the '598 patent.

180. If Micro Labs' ANDA is approved, Micro Labs intends to and will offer to sell, sell, and/or import in the United States Micro Labs' generic products.

181. Micro Labs' actions relating to Micro Labs' ANDA complained of herein were done by and for the benefit of Micro Labs.

182. Micro Labs' infringing activity, including the manufacture, use, import, offer to sell, and/or sale of Micro Labs' generic products in the United States, will begin immediately after FDA approves Micro Labs' generic products. Such activity before the expiration of the '598 patent will constitute infringement of one or more claims of the '598 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

183. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Micro Labs concerning liability for the infringement of the '598 patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

184. Plaintiffs will be irreparably harmed if Micro Labs is not enjoined from infringing, actively inducing, and contributing to infringement of at least one claim of the '598 patent.

185. Plaintiffs do not have an adequate remedy at law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Micro Labs has infringed at least one claim of the Patents-in-Suit through Micro Labs' submission of ANDA No. 220772 to the FDA to obtain approval to manufacture, use, import, offer to sell, and/or sell Micro Labs' generic products in the United States before the expiration of the Patents-in-Suit;

B. The entry of judgment that Micro Labs' making, using, offering to sell, selling, or importing Micro Labs' generic products prior to the expiration of the Patents-in-Suit will infringe, actively induce infringement, and/or contribute to the infringement of Patents-in-Suit under 35 U.S.C. § 271(a), (b), and/or (c);

C. A declaration under 28 U.S.C. § 2201 that if Micro Labs, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with it or on its behalf, engage in the commercial manufacture, use, offer for sale, sale or importation of Micro Labs' generic products prior to the expiration of the Patents-in-Suit, it will constitute an act of infringement pursuant to 35 U.S.C. § 271(a), (b), and/or (c);

D. The issuance of an order that the effective date of any FDA approval of Micro Labs' generic products shall be no earlier than the expiration of the Patents-in-Suit and any additional periods of exclusivity, in accordance with 35 U.S.C. § 271(e)(4)(A);

E. The entry of a permanent injunction, enjoining Micro Labs and all persons acting in concert with Micro Labs from commercially manufacturing, using, offering for sale, or selling Micro Labs' generic products within the United States, or importing Micro Labs' generic products into the United States, until the expiration of the Patents-in-Suit, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

F. The entry of a permanent injunction, enjoining Micro Labs and all persons acting in concert with Micro Labs from seeking, obtaining, or maintaining approval of the ANDA until the expiration of the Patents-in-Suit, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

G. The issuance of a declaration that this is an exceptional case and an award to Plaintiffs of costs, expenses, and disbursements in this action, including reasonable attorney fees, pursuant to 35 U.S.C. §§ 285 and 271(e)(4);

H. An award to Plaintiffs of any further appropriate relief under 35 U.S.C. § 271(e)(4); and

I. An award to Plaintiffs of any further and additional relief that this Court deems just and proper.

Dated: January 15, 2026

/s/ *Jose L. Linares*
Jose L. Linares
Mark M. Makhail
**McCARTER & ENGLISH, LLP**
4 Gateway Center
100 Mulberry St.
Newark, NJ 07102
(973) 622-4444
jlinares@mccarter.com
mmakhail@mccarter.com

**OF COUNSEL**:

William B. Raich (*pro hac vice* forthcoming)
Jennifer H. Roscetti (*pro hac vice* forthcoming)
Cora R. Holt (*pro hac vice* forthcoming)
Lauren J. Robinson (*pro hac vice* forthcoming)
Drew D. Christie (*pro hac vice* forthcoming)
Yoonjin Lee (*pro hac vice* forthcoming)
Kenneth S. Guerra (*pro hac vice* forthcoming)
Emma N. Ng (*pro hac vice* forthcoming)
Shivani Karthikeyan (*pro hac vice* forthcoming)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Ave, NW
Washington, DC 20001
(202) 408-4210
william.raich@finnegan.com
jennifer.roscetti@finnegan.com
cora.holt@finnegan.com
lauren.robinson@finnegan.com
drew.christie@finnegan.com
yoonjin.lee@finnegan.com
kenneth.guerra@finnegan.com
emma.ng@finnegan.com

shivani.karthikeyan@finnegan.com

Shannon M. Patrick (*pro hac vice* forthcoming)
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
271 17th Street, NW
Suite 1400
Atlanta, GA 30363
(404) 653-6400
shannon.patrick@finnegan.com

*Attorneys for Plaintiffs AbbVie and Allergan*

**LOCAL RULE 11.2 CERTIFICATION**

Pursuant to Local Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceedings.

United States Patent Nos. 12,090,148 (the " '148 Patent"), 12,350,259 (the " '259 Patent"), 12,383,545 (the " '545 Patent"), and 12,465,598 (the " '598 Patent") are currently the subject of proceedings before this Court in *AbbVie Inc. et al. v. Apotex Inc.*, Civil Action No.: 25-18972 (ZNQ)(JBD), *AbbVie Inc., et al v. Macleods Pharmaceuticals Ltd., et al.*, Civil Action No.: 25-19038 (ZNQ)(JBD), *AbbVie Inc., et al. v. Dr. Reddy's Laboratories, Ltd., et al.*, Civil Action No.: 25-19039 (ZNQ)(JBD), *AbbVie Inc., et al. v. Hetero USA Inc., et al.*, Civil Action No.: 26-114 (ZNQ)(JBD) and *AbbVie Inc., et al. v. MSN Pharmaceuticals Inc., et al.*, Civil Action No.: 26-115 (ZNQ)(JBD).

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 15, 2026

/s/ *Jose L. Linares*
Jose L. Linares